# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GLENN RAGLON,

    *Plaintiff,*

vs.

UNITED PARCEL SERVICE, INC.,

    *Defendant.*

Case No. 10-2479-EFM

## MEMORANDUM AND ORDER

Presently before the court is Defendant United Parcel Service, Inc.'s (UPS's) motion to enforce settlement and release agreement (Doc. 9) and plaintiff Glenn Raglon's (Raglon's) motion for telephone evidentiary hearing (Doc. 13). For the following reasons, the court grants UPS's motion to enforce the settlement and release agreement, and denies Raglon's motion for a telephone evidentiary hearing.

On August 20, 2010, Glenn Raglon filed a complaint in this court alleging violations of the American with Disabilities Act (ADA) and Title VII. The parties entered into a written settlement agreement in early December 2010. By late December, UPS had fully complied with the terms of the agreement. Nevertheless, Raglon refused to dismiss the case with prejudice, claiming that UPS's payment was untimely, and that too much was withheld in taxes. UPS admits that the payment was untimely, but claims that fact is immaterial because there was no "time is of the essence" language

in the contract. When asked by the court, counsel for UPS explained that the delay was due to confusion regarding multiple payments with different tax consequences. Further, UPS argues that Raglon waived any claims for breach by depositing the payments.

The court has reviewed the plain language of the settlement agreement, and finds that it is enforceable. Although UPS was late with payment, the week delay does not give rise to a claim for breach of contract. Further, UPS withheld tax at a rate authorized by federal tax law. If Raglon believes too much tax was withheld, he can file his tax return and seek a refund. Because UPS upheld its part of the bargain, Raglon must dismiss his case with prejudice, as he agreed to do in the settlement agreement.

Finally, this court held a telephone status conference on March 1, 2011, and discussed this case on the record. Although Raglan requested a telephone evidentiary hearing, the court announced that it was proceeding with a telephone status conference, and would not receive evidence. As such, Raglon's motion for a telephone evidentiary hearing is denied.

Because this court finds that the settlement agreement is enforceable, defendant's motion to dismiss for failure to state a claim (Doc. 3) is denied as moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Enforce Settlement and Release Agreement (Doc. 9) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Telephone Hearing (Doc. 13) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 13) is denied as moot.

**IT IS SO ORDERED**.

Dated this 9th day of June, 2011.

                                          ERIC F. MELGREN
                                          UNITED STATES DISTRICT JUDGE