IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GLENN RAGLON,

      *Plaintiff*,

      vs.

UNITED PARCEL SERVICE,

      *Defendant*.

Case No. 10-2479-EFM

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to seal from public view records in the present action. Plaintiff's motion does not target any a particular pleading, but appears to incorporate all information relating to himself in the case, including his name, and he asks that this material be "sealed indefinitely."[1]

The Supreme Court has recognized that the public has a common law right of access to judicial documents, under which the public may "inspect and copy public records and documents, including judicial records and documents."[2] This right of

---

[1] Dkt. 22, at 1.

[2] *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978). *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) ("courts have long recognized a common-law right of access to judicial records").

access "is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes."[3]  The right is not absolute, and the district court has the discretion to seal a judicial record, but must do so "charily."[4]  "The burden is on the party seeking to restrict access to show 'some significant interest that outweighs the presumption.'"[5]

In exercising its discretionary power to limit access to judicial records, "the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof."[6] Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[7]  Courts have expressed particular reticence in granting relief to a party who seeks to seal the existence of an entire case, as opposed to certain pleadings in the case.[8]  A party seeking to restrict public access to judicial records must show that the public interest is outweighed in specific, tangible ways.[9]

---

[3] *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir.1985

[4] *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)

[5] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann*, 477 F.3d at 1149).

[6] *Carefusion 213, LLC v. Professional Disposables,* 2010 WL 2653643, at *1 (D. Kan. 2010) (internal citations omitted).

[7] *Id*.

[8] *Brez v. Fougera Pharm. Inc*., 2018 WL 2248544, *1 (D. Kan. 2018).

[9] *See Goico v. Kansas*, 2019 WL 8301689 (D. Kan.) (declining to seal action where defendant failed to present "failed to present any evidence of a threat to his safety which is either non-speculative, particularized, or credible"), *aff'd*, 773 Fed.Appx. 1038 (10th Cir. 2019).

Plaintiff's motion fails to make such a showing.  From correspondence submitted to the undersigned, it appears that Plaintiff seeks to generally expunge all his public records, including the record of the present action.  Further, it appears that Plaintiff seeks such relief for reasons that are entirely unrelated to the issues in this action. A decade has elapsed since Judgment was entered in this action, and a review of the pleadings fails to indicate any particularized, personal information which could reasonably be viewed as now placing Plaintiff at risk.

A party seeking to restrict access to public records must show a real and substantial interest justifying this result. This is a "heavy burden,"[10] which Plaintiff has not met.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Seal (Dkt. 22) is denied.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[10] *Helm v. Kansas*, 656 F.3d 1277, 1292-93 (10th Cir. 2011).